No. 24-1039

# In The
# United States Court of Appeals for the Ninth Circuit

-------------------------------- ♦ --------------------------------

RUSSELL FOUTS AND TAN MIGUEL TOLENTINO,

*Plaintiffs-Appellees,*

v.

ROB BONTA, IN HIS OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,

*Defendant-Appellant.*

-------------------------------- ♦ --------------------------------

**On Appeal from the United States District Court
for the Southern District of California
No. 3:19-cv-01662-BEN-JLB
(Hon. Roger T. Benitez)**

-------------------------------- ♦ --------------------------------

**BRIEF OF *AMICUS CURIAE*
THE SECOND AMENDMENT FOUNDATION
IN SUPPORT OF PLAINTIFFS-APPELLEES
AND AFFIRMANCE**

-------------------------------- ♦ --------------------------------

EDWARD ANDREW PALTZIK
   *Counsel of Record*
SERGE KRIMNUS
MEREDITH LLOYD
BOCHNER PLLC
1040 Avenue of the Americas,
   15th Floor
New York, NY 10018
(516) 526-0341
edward@bochner.law

*Counsel for Amicus Curiae*

## CORPORATE DISCLOSURE STATEMENT

The Second Amendment Foundation (SAF) has no parent corporation. It has no stock, hence, no publicly held corporation owns 10% or more of its stock.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ............................................i

TABLE OF AUTHORITIES..................................................................iii

INTEREST OF AMICUS CURIAE ........................................................ 1

SUMMARY OF ARGUMENT .............................................................. 1

ARGUMENT ....................................................................................... 3

I.      Definitions of "Billy" .............................................................. 3

II.     Prosecutions for Possession of Common Objects ........................... 6

        A.      Baseball Bats .................................................................. 6

        B.      Other Objects ................................................................. 9

III.    Courts' Recognition of Inconsistencies ......................................... 13

CONCLUSION ................................................................................. 15

CERTIFICATE OF COMPLIANCE ..................................................... 17

CERTIFICATE OF SERVICE ............................................................. 18

# TABLE OF AUTHORITIES

## CASES

*Cupp v. Bonta*,
  No. 216CV00523, 2023 WL 6626118 (E.D. Cal. Oct. 11, 2023) .......... 13

*Cupp v. Harris*,
  No. 216CV00523, 2023 WL 5488420 (E.D. Cal. Aug. 24, 2023) ......... 13

*In re James G.,*
  No. F052167, 2007 WL 3257396 (Cal. Ct. App. Nov. 6, 2007) .......... 5, 8

*In re Kevin F.*,
  239 Cal. App. 4th 351 (2015) .................................................................. 4

*In re Oscar C.*,
  No. F046774, 2005 WL 2001934 (Cal. Ct. App. Aug. 22, 2005) ............ 9

*In re Richard F.*,
  No. G039575, 2008 WL 2569460 (Cal. Ct. App. June 30, 2008) ......... 10

*In re Victor L.*,
  182 Cal. App. 4th 902 (2010) .................................................................. 4

*Knotts v. Carreira*,
  511 F. App'x 665 (9th Cir. 2013) ......................................................... 11

*New York State Rifle & Pistol Ass'n v. Bruen*,
  597 U.S. 1 (2022) ...................................................................................... 3

*People v. Andrews*,
  No. E070032, 2020 WL 5034810 (Cal. Ct. App. Aug. 26, 2020) ......... 13

*People v. Aquino*,
  No. F071456, 2017 WL 128172 (Cal. Ct. App. Jan. 13, 2017) .............. 9

*People v. Ayala,*
   No. B262361, 2016 WL 380767 (Cal. Ct. App. Feb. 1, 2016) ............... 8

*People v. Baugh,*
   20 Cal.App.5th 438 (2018) .................................................................... 5

*People v. Casey,*
   No. H033860, 2010 WL 3569512 (Cal. Ct. App. Sept. 15, 2010) .. 10, 11

*People v. Davis,*
   No. B190415, 2007 WL 2028794 (Cal. Ct. App. July 16, 2007) ...... 6, 14

*People v. Dooley,*
   No. E044743, 2009 WL 711933 (Cal. Ct. App. Mar. 19, 2009) ......... 7, 8

*People v. Dubberke,*
   No. B315617, 2022 WL 2826317 (Cal. Ct. App. July 20, 2022),
   *review denied* (Sept. 28, 2022) ....................................................... 14, 15

*People v. Fannin,*
   91 Cal. App. 4th 1399 (2001) ................................................... 5, 11, 12

*People v. Gaitan,*
   92 Cal. App. 4th 540 (2001) .................................................................. 4

*People v. Golden,*
   174 P.2d 32 (1946) ............................................................................... 12

*People v. Gonzalez,*
   No. E054610, 2012 WL 5342311 (Cal. Ct. App. Oct. 30, 2012)............ 7

*People v. Grubb,*
   408 P.2d 100 (1965) ........................................................................... 5, 6

*People v. Hall,*
   388 P.3d 794 (2017) ............................................................................... 4

*People v. Huynh,*
  229 Cal. Rptr. 3d 385 (Ct. App. 2018) ................................................. 10

*People v. King,*
  133 P.3d 636 (2006) ............................................................................. 13

*People v. Kuntz,*
  No. A117631, 2008 WL 2358878 (Cal. Ct. App. June 11, 2008) . 8, 9, 14

*People v. Liscotti,*
  219 Cal. App. 4th Supp. 1 (Cal. App. Dep't Super. Ct. 2013) ......... 7, 14

*People v. Mayberry,*
  160 Cal. App. 4th 165 (2008) .............................................................. 11

*People v. Sizer,*
  No. C065215, 2011 WL 3672100 (Cal. Ct. App. Aug. 23, 2011).......... 14

*People v. Taylor,*
  93 Cal. App. 4th 933 (2001) ................................................................... 5

*People v. Taylor,*
  No. A125506, 2010 WL 1227122 (Cal. Ct. App. Mar. 30, 2010) ........... 7

*People v. Villanueva,*
  No. A146247, 2017 WL 999220 (Cal. Ct. App. Mar. 15, 2017) ............. 9

**STATUTES**

Cal. Pen. Code § 22210................................................................ 1, 2, 6, 15

**OTHER AUTHORITIES**

*Billy Club*, Merriam-Webster Dictionary, https://www.merriam-
  webster.com/dictionary/billy%20club ..................................................... 3

## INTEREST OF AMICUS CURIAE[1]

**The Second Amendment Foundation** ("SAF") is a non-profit membership organization founded in 1974 with over 720,000 members and supporters in every State of the Union. Its purposes include education, research, publishing, and legal action focusing on the constitutional right to keep and bear arms. Amicus Curiae has an intense interest in this case because it has many members who reside in the state of California who may be prosecuted under the statute at issue, California Penal Code § 22210, for possession of ordinary objects, which could in turn compromise their ability to acquire, possess, and bear arms for the purposes of self-defense in the future.

## SUMMARY OF ARGUMENT

Under California Penal Code § 22210, possession of any "leaded cane, or any instrument or weapon of the kind commonly known as a billy, blackjack, sandbag, sandclub, sap, or slungshot" is punishable as either a misdemeanor or as a felony. Cal. Penal Code § 22210 (the "Billy Ban" or the "Ban"). As written, this statute is incredibly overbroad and

---

[1] All parties received timely notice and consented to the filing of this brief. No counsel for any party authored the brief in whole or in part. Only *amicus curiae* funded its preparation and submission.

vague, and does not sufficiently define what is considered a "billy" for purposes of criminal liability.

With its enforcement of the Billy Ban, California has adopted an untenably broad definition of the term "billy." This statute severely burdens the rights of Californians because it prohibits possession of a broad swath of ordinary objects that could conceivably be used as a weapon. Specifically, the Ban prohibits the manufacture, importation, sale, gift, or possession of:

> any leaded cane, or any instrument or weapon of the kind commonly known as a billy, blackjack, sandbag, sandclub, sap, or slungshot,

Cal. Penal Code § 22210.

As Plaintiffs-Appellees have convincingly argued, California's Billy Ban, effective in all places throughout the state of California, is entirely overbroad and leads to absurd prosecutions for possession of common objects. Br. Plaintiffs-Appellees at 11. As demonstrated by this brief, by adopting a colloquial definition of the term "billy," the statute expands the definition far beyond the scope of any constitutionally permissible restriction on possession of an instrument.

This brief summarizes the many prosecutions under the Billy Ban for possession of common objects not conventionally understood to be

"billys" within the appropriately tailored definition of the term. It does not address whether a billy is properly considered a weapon for the purposes of Second Amendment analysis under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). In view of the ostensibly broad interpretation of "billy" by California courts and the failure of the California legislature to articulate the specific conduct limited by the Ban, this Court should affirm the reasoned decision of the district court.

## ARGUMENT

### I.    Definitions of "Billy"

Dictionaries define "billy club" as "a heavy usually wooden club specifically a police officer's club." *Billy Club*, Merriam-Webster Dictionary (last visited June 14, 2024), https://www.merriam-webster.com/dictionary/billy%20club. California's definition of prohibited "billys" encompasses many objects outside this definition, including nearly any object that could conceivably be swung to inflict force upon another individual either offensively or defensively.

Courts in California have repeatedly addressed this vagueness, imposing varying mental state requirements as prerequisites to

3

violations of weapons laws. *In re Kevin F.* held that "particularly since there is a constitutional liberty interest at stake," an individual must engage in proscribed conduct *knowingly* (i.e. with actual intent and understanding that he possesses something constituting a weapon.) 239 Cal. App. 4th 351, 365 (2015), *disapproved of by People v. Hall*, 388 P.3d 794 (2017) (emphasis and parenthetical in original). The *Kevin F.* court further explained that "the difficulty of defining with perfect clarity every potential item that might be considered a weapon illustrates why more warning is necessary." *Id.* Other Courts have addressed this same issue in the context of probation, holding that "[d]ue process requires . . . that the probationer be informed in advance whether his conduct comports with or violates a condition of probation." *In re Victor L.*, 182 Cal. App. 4th 902, 912–913 (2010).

California courts have offered little clarity on the knowledge prerequisite for violating the Billy Ban, especially in cases where ordinary objects are at issue. Generally, when an object has both innocent and unlawful uses, the prosecution must prove that the defendant knew that the object was a weapon or may be used as a weapon or must possess the object "as a weapon." *People v. Gaitan* 92 Cal. App. 4th 540, 547

(2001); *People v. Taylor* 93 Cal. App. 4th 933, 941 (2001); *People v. Fannin*, 91 Cal. App. 4th 1399, 1401 (2001); *People v. Baugh*, 20 Cal.App.5th 438, 448 (2018).

This, however, still grants broad leeway for courts to interpret the scope of prohibited objects based on their understanding of when a so-called "transformation" from ordinary object to deadly weapon took place. In *Fannin,* the prosecution's burden of showing that a chain and padlock was a weapon "was met by the defendant's statement that he was carrying the chain and padlock for self-defense." *People v. Fannin*, 91 Cal. App. 4th at 1405-1406. In *Grubb*, the burden was met by the defendant's possession of a 20-inch broken bat with a taped handle **and** the defendant's statements that he carried the modified bat for protection and had used it on two prior occasions to strike someone. *People v. Grubb,* 63 Cal.2d at 617, 621. Similarly, *In re James G.* held that a minor carrying a baseball bat was in violation of the Billy Ban only after he made an affirmative statement that the bat was carried for self-defense. No. F052167, 2007 WL 3257396, at *3 (Cal. Ct. App. Nov. 6, 2007). In all of these cases, the defendants' statement that they were carrying an object for self-defense (which is a lawful purpose) was the determining

5

factor that led to criminal liability for their possession of an otherwise innocuous instrument.

## II.    Prosecutions for Possession of Common Objects

### A.    Baseball Bats

Upon examination, the judicial record in California is rife with inconsistent opinions on what objects can qualify as a billy in violation of California Penal Code § 22210. For example, in *People v. Davis*, the California Court of Appeals found that a baseball bat that had been modified by replacing the center with lead or another metal to add weight, and taped at one end was a billy. *People v. Davis*, No. B190415, 2007 WL 2028794, at *1 (Cal. Ct. App. July 16, 2007). Even though the defendant in that case testified that he modified the bat to use it as a "tire thumper" to check the air pressure in his motorcycle tires, the court found that he was guilty of criminal possession of a billy. *Id.* at *5. The often-cited *Grubb* opinion found that the possession of a small baseball bat with a broken, taped handle was a violation of the Billy Ban. *People v. Grubb*, 408 P.2d 100, 106 (1965). Additionally, one court found that the Billy Ban was violated in a case where a defendant was in possession of a full-size modified baseball bat weighted with lead and wrapped in rope.

6

*People v. Liscotti*, 219 Cal. App. 4th Supp. 1, 5 (Cal. App. Dep't Super. Ct. 2013).

In *Taylor*, the police found "a baseball bat wrapped in wire with metal staples and a lead weight affixed to the end of the bat[]," and convicted the defendant of possession in violation of the Billy Ban even in view of his testimony that "for the past 14 years he had been a freelance airbrush artist and his airbrushing business had a monster theme. The baseball bat was a prop for a Genghis Khan type character and [the defendant] said it was in his car because he was in the process of moving items from his shop." *People v. Taylor*, No. A125506, 2010 WL 1227122, at *1 (Cal. Ct. App. Mar. 30, 2010). Under current California law, even the innocuous artist, if deemed "suspicious," can be convicted of a felony for possessing any elongated object.

While modified athletic equipment may be within the realm of objects not surprisingly deemed "billys," California courts have extended the definition of "billy" to encompass "small baseball bats [that] could have been souvenirs, such as those given out at baseball games." *People v. Gonzalez*, No. E054610, 2012 WL 5342311, at *1 (Cal. Ct. App. Oct. 30, 2012); *see also People v. Dooley*, No. E044743, 2009 WL 711933, at *1

(Cal. Ct. App. Mar. 19, 2009) ("The officers also found an 18–inch wooden billy club, similar to a baseball bat sold as souvenirs at a baseball stadium, behind the seat of the truck.").

Non-souvenir baseball bats have met the same scrutiny by courts. In *Ayala*, police officers found a "26–inch aluminum baseball bat between the driver's seat and the doorjamb of the car." *People v. Ayala*, No. B262361, 2016 WL 380767, at *2 (Cal. Ct. App. Feb. 1, 2016). The court in *Ayala* relied heavily on the defendant's statement that "he had been robbed before so he was carrying the bat to make sure that it didn't happen again" to justify its characterization of the bat as an illegal weapon. *Id.* (internal citations omitted). Similarly, a minor was convicted of possession of a billy when, after being stopped while walking down the street, officers found the minor to be in possession of a "29-inch bat [] made of aluminum." *In re James G.*, 2007 WL 3257396, at *1.

Not all California courts are in agreement with this interpretation of the Billy Ban. Indeed, in *Kuntz*, the court found that the enforcement of the Billy Ban "effectively cast suspicion on thousands of fans who attend baseball games on those days miniature bats are given away as promotions or who purchase the bats as souvenirs or gifts and carry them

home." *People v. Kuntz*, No. A117631, 2008 WL 2358878, at *5 (Cal. Ct. App. June 11, 2008).

## B.   Other Objects

Enforcement of the Billy Ban against individuals who possess common objects is not limited to baseball enthusiasts. Indeed, in *Aquino*, an officer found a small souvenir baseball bat and a metal bar that appeared to the officer to be a jack handle during a search of the defendant. *See People v. Aquino*, No. F071456, 2017 WL 128172, at *1 (Cal. Ct. App. Jan. 13, 2017). The defendant was subsequently convicted of violating the Billy Ban for each item, despite the legitimate purposes served by both items in his possession. *Id.*

Courts in California have established a pattern of convicting individuals for violation of the Billy Ban for possession of tire irons in their own vehicles. *See*, *e.g.*, *People v. Villanueva*, No. A146247, 2017 WL 999220, at *2 (Cal. Ct. App. Mar. 15, 2017) ("the tire iron was a billy"); *In re Oscar C.*, No. F046774, 2005 WL 2001934, at *5 (Cal. Ct. App. Aug. 22, 2005) (convicting a minor of violating the Billy Ban for possession of more than one tire iron and a baseball bat in his car).

Similarly, persons found to be in possession of certain tools have been found to violate the Billy Ban. For example, possession of "an ordinary hammer" has resulted in a conviction for violating the Billy Ban by possessing the tool. *See*, *e.g.*, *In re Richard F.*, No. G039575, 2008 WL 2569460, at *1 (Cal. Ct. App. June 30, 2008). That conviction was reversed on appeal, with the appellate court holding: "As a matter of law, an ordinary hammer is not a 'billy' or other 'instrument or weapon of the kind' ." *Id.* On the other hand, possession of a "mini sledgehammer" was deemed sufficient for a conviction forming the only criminal basis to support a "gang enhancement" sentence. *People v. Huynh*, 229 Cal. Rptr. 3d 385, 404 (Ct. App. 2018).

California carpenters must be wary of the Billy Ban, because at least one individual was convicted under this statute owing to their possession of "a wooden leg from a table with part of a shoestring attached to it with a screw at the top[,]" even in view of their testimony that the table leg had an innocuous purpose. *People v. Casey*, No. H033860, 2010 WL 3569512, at *1 (Cal. Ct. App. Sept. 15, 2010). Importantly, in that case, the court relied on the fact that the object "can

be used as 'a striking weapon' to support its opinion, rather than the circumstances surrounding the actual use of the object." *Id.*

Unfortunately, enforcement of the Billy Ban is not limited to elongated objects. For example, an individual was convicted of violating the Billy Ban for "wearing 'a black weighted glove' on his left hand." *People v. Mayberry*, 160 Cal. App. 4th 165, 168 (2008). The glove's owner testified that it was a "standard workout glove," "made of neoprene, with 'a little weight to it,' " and "weighted with sand in the palm and/or 'fist area.'" *Id.*

Additionally, in *Knotts*, during a traffic stop of the defendant, who was a mechanic, the officer discovered a "manifold" that was in the vehicle. *Knotts v. Carreira*, 511 F. App'x 665, 665 (9th Cir. 2013). The officers arrested the plaintiff for possession of a billy because the officers "understandably believed it was likely an illegal weapon" despite the plaintiff's explanation of the manifold as related to his occupation. *Id.* at 665-66.

Another example of courts' stretching the Billy Ban to suit the facts of a particular case is found in *Fannin*, where a defendant was convicted of violating the Billy Ban by carrying a bicycle lock and the accompanying

chain for self-defense. *People v. Fannin*, 91 Cal. App. 4th 1399, 1405 (2001). Because the defendant in that case stated that he carried the object "for self defense," the court held that the "statement identified the bicycle lock as a weapon, and brought it within the class of objects prohibited[.]" *Id.* The court explicitly concluded that "[a]n ordinary object such as a bicycle lock configured like Fannin's, with the lock attached to one end of a chain, may be a slungshot." *Id.* at 1406.

Such surprising examples of a common object being considered a "billy" date back at least to shortly after World War II. *See*, *e.g.*, *People v. Golden*, 174 P.2d 32 (1946). Golden was charged with possessing a dangerous weapon after the police found in his car a torpedo-shaped weight about 10 inches long, attached to several short lengths of rope. *Id.* At a bench trial, Golden testified he had found the object and put it in his car without knowing what it was. *Id.* An expert witness identified it as a standard "monkey fist," a device attached by sailors to the end of a line to facilitate throwing the line to a dock. *Id.* Golden's conviction was reversed on appeal, but nevertheless it demonstrates the extreme interpretative leeway granted to courts in this state under the Billy Ban.

Another unorthodox object that has been found to be a "billy" includes an ornamental horse lead hanging from motorcycle handlebars. *Cupp v. Harris*, No. 216CV00523, 2023 WL 5488420, at *6 (E.D. Cal. Aug. 24, 2023), *reconsideration denied sub nom. Cupp v. Bonta*, No. 216CV00523, 2023 WL 6626118 (E.D. Cal. Oct. 11, 2023). The object was described by the Plaintiffs as a "thick nylon rope with a quick release – identical to a dog leash but thicker." *Id.*

Finally, California courts have found that the **combination** of certain objects can be considered a "billy" and thus impose criminal liability on its possessor. In *Andrews*, the defendant was charged with possession of a billy upon the officer's discovery of "a billiard ball wrapped and tied inside a bandana." *People v. Andrews*, No. E070032, 2020 WL 5034810, at *1 (Cal. Ct. App. Aug. 26, 2020).

## III.  Courts' Recognition of Inconsistencies

Courts in California have repeatedly struggled with the appropriate protections against improper prosecution under the Billy Ban and have acknowledged that "an item commonly used for a nonviolent purpose, such as a baseball bat or a table leg, could qualify as a billy." *People v. King*, 133 P.3d 636, 640 (2006). The courts have found

13

that "[e]ven possessed for the purpose of self-defense, these objects have been deemed criminal." *People v. Liscotti*, 219 Cal. App. 4th Supp. at 7.

As detailed *supra*, in *Kuntz*, a California appellate court commented that the Billy Ban imposed additional suspicion on those "fans who attend baseball games on those days miniature bats are given away as promotions or who purchase the bats as souvenirs or gifts and carry them home." *People v. Kuntz*, 2008 WL 2358878, at *5.

More frequently than not, the Billy Ban is used as a prosecution's safety net, guaranteeing a criminal conviction for some offense. For example, in *Davis*, the defendant was stopped "for making an unsafe lane change." Even though the vehicle displayed a current registration sticker, the officer continued questioning the occupant and eventually determined that he possessed a modified baseball bat, rendering him subject to criminal liability. *People v. Davis*, 2007 WL 2028794 at 1325; *see also People v. Sizer*, No. C065215, 2011 WL 3672100, at *3 (Cal. Ct. App. Aug. 23, 2011) (finding violation of the Billy Ban even though the officer observed a youth baseball bat in a vehicle but "could not see whether the bat had been modified."); *People v. Dubberke*, No. B315617, 2022 WL 2826317, at *1 (Cal. Ct. App. July 20, 2022), *review denied*

14

(Sept. 28, 2022) (defendant's vehicle was stopped for an expired registration and defendant was found in possession of a collapsible baton).

These cases demonstrate that the definition of "billy" is so broad that even California's own courts and law enforcement officers are unable to consistently enforce the statute as written. Thus, the Billy Ban fails to articulate the proscribed conduct and violates the constitutional liberties interests of the California public.

## CONCLUSION

California Penal Code § 22210 is used to subject individuals to criminal liability for possession of ordinary objects. It permits the government to exercise nearly arbitrary discretion in determining whether an object is possessed "as a weapon," including common objects such as souvenir baseball bats, table legs, tools, bicycle locks, and billiard balls wrapped in fabric. Accordingly, this Court should not permit California to enforce such an overbroad statute.

For these reasons, the decision below should be affirmed.

Dated: June 14, 2024

Respectfully Submitted,

s/ Edward Andrew Paltzik
EDWARD ANDREW PALTZIK
  *Counsel of Record*
SERGE KRIMNUS
MEREDITH LLOYD
BOCHNER PLLC
1040 Avenue of the Americas,
  15th Floor
New York, NY 10018
(516) 526-0341
edward@bochner.law

*Counsel for Amicus Curiae*

16

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of Local Rule 29 because this brief contains 3,064 words, excluding the parts of this brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Respectfully Submitted,

s/ Edward Andrew Paltzik
EDWARD ANDREW PALTZIK

17

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on June 14, 2024. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Respectfully Submitted,

s/ Edward Andrew Paltzik
EDWARD ANDREW PALTZIK